UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Moshe Blumenberg,<br><br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>-v.-<br>EOS CCA d/b/a Collecto Inc.,<br>US Asset Management Inc., and<br>John Does 1-25,<br>Defendants. | Case. No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Moshe Blumenberg brings this Class Action Complaint by and through his attorneys, Stein Saks PLLC, against Defendant EOS CCA d/b/a Collecto, Inc. ("EOS") and Defendant US Asset Management Inc., ("US Asset"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of

debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.       Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.       The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## NATURE OF THE ACTION

5.       Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.       Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.       Plaintiff is a resident of the State of New York, County of Kings, residing at 1247 44th Street, Apt. 1, Brooklyn, New York 11219.

8. Defendant EOS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 700 Longwater Drive, Norwell, MA 02061.

9. Upon information and belief, Defendant EOS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or others.

10. Defendant US Asset is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 700 Longwater Drive, Norwell, MA 02061.

11. Upon information and belief, Defendant US Asset is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or others.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:
    a. all individuals with addresses in the state of New York;
    b. to whom Defendant EOS sent a collection letter;
    c. On behalf of Defendant US Asset;
    d. attempting to collect a consumer debt;
    e. which debt was past the statute of limitation for filing suit thereon;

    f. without disclosing that the statute of limitations for suing to collect the debt had expired;

    g. without disclosing that if a payment is made it could restart the statute of limitations;

    h. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. § 1692e and §1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above paragraphs as if set forth here.

23. On a date better known to the original creditor, Verizon, Plaintiff incurred a debt.

24. The obligation arose out of a transaction allegedly incurred by Plaintiff in which money, property, insurance or services which are the subject of the transaction were incurred solely for personal purposes, specifically for personal cellphone service.

25. The alleged Verizon obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

26. Verizon is a "creditor" as defined by 15 U.S.C. § 1692a (4).

27. Defendant EOS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or others using the United States Postal Services, telephone and internet.

28. Defendant US Asset collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or others using the United States Postal Services, telephone and internet.

29. Upon information and belief, Defendant EOS contracted with Defendant US Asset to collect the alleged debt.

*Violation – July 2, 2020 Collection Letter*

30. On or about July 2, 2020, Defendant sent the Plaintiff an initial collection letter regarding the alleged debt. A copy of the letter is **attached as Exhibit A**.

31. The letter states a balance of $40.14 and states that the Plaintiff's payment is past due.

32. The letter fails to disclose that the statute of limitations to file a lawsuit to collect the debt had already expired.

33. The statute of limitations for commencing suit on this debt is two years after default on the account, the time of which has already passed.

34. This material omission misleads the consumer into potentially paying a time-barred debt, which will restart the statute of limitations.

35. The letter fails to state that if a partial payment is made the statute of limitations may restart, thus allowing for a lawsuit to occur.

36. The letter further fails to clearly and adequately inform the consumer of the true legal status of the debt and potential ramifications of making a payment and restarting the statute of limitations.

37. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

38. Plaintiff repeats the above paragraphs as if set forth here.

39. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendants violated said section by:

    a. omitting material information creating a false and misleading representation of the debt in violation of §1692e (10); and

    b. falsely representing the character, amount or legal status of the debt in violation of §1692e (2)(A).

42. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats the above paragraphs as if set forth here.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46. Defendants violated this section by omitting material information that gave Plaintiff a false understanding of her rights under the FDCPA.

47. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Moshe Blumenberg, individually and on behalf of all others similarly situated, demands judgment from Defendants EOS and US Asset as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

      f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 27, 2020

Respectfully submitted,

Stein Saks, PLLC

*s/ Raphael Deutsch*
Raphael Deutsch, Esq.
285 Passaic Street
Hackensack, NJ 07601
P: (201) 282-6500 x101
F: (201) 282-6501
rdeutsch@steinsakslegal.com
*Attorneys for Plaintiff*